IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 4:05CR3060-2 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| FERNANDO NUNEZ, ) | |
| ) | |
| Defendant. ) | |

Together with a compatriot, the defendant (Nunez) has been convicted of a drug crime after a jury trial. Arguably, he is responsible for 24.9 kilograms of cocaine. He has a total offense level of 34 and criminal history of I. His prison range is 151 to 188 months. The defendant speaks English but not well.

I allowed Jeremy Murphy to withdraw as counsel for Nunez after the trial was completed because Murphy was leaving the practice of law. After that, I appointed David F. Eaton to represent the defendant at sentencing.

Nunez has complained about Mr. Eaton. (He has also complained about Mr. Murphy.) I previously denied Mr. Eaton's motion to withdraw as I found no justification for the motion save for the defendant's vague assertions of dissatisfaction that Eaton dutifully reported. I also denied two letters, treated as motions, submitted by the defendant essentially seeking the same relief.

Despite two hearings, the vague assertions of dissatisfaction persist. Mr. Eaton has advised that he has had several conferences with the defendant, but cannot satisfy him. Furthermore, to the extent the defendant previously complained that he has not been consulted by the probation office about matters relevant to the

presentence investigation report, the defendant has now been offered an "in person" interview with the probation officer.  He has declined that interview.

Under the circumstances, I believe standby counsel should be appointed to perform specific tasks.

IT IS ORDERED that:

1. With my thanks for agreeing to accept this appointment, Joseph Gross is appointed as standby counsel.  Mr. Gross is requested to promptly enter his appearance.   His limited responsibilities are these:

    A. Mr. Gross shall consult with the defendant and investigate to determine whether there is cause to believe that Mr. Eaton cannot continue to represent the defendant as required by governing legal and ethical principles.  In other words, the question Mr. Gross is to answer is this: Is the defendant's dissatisfaction with Mr. Eaton justified?  In this regard, "[t]he focus of the justifiable dissatisfaction inquiry is the adequacy of counsel in the adversarial process, not the accused's relationship with his attorney." United States v. Barrow, 287 F.3d 733, 738 (8th Cir. 2002) (despite various complaints against counsel, holding that the district court did not abuse its discretion in refusing to appoint new counsel) (citing Wheat v. United States, 486 U.S. 153, 159 (1988)).

    B.    If Mr. Gross concludes that a motion seeking the appointment of another lawyer is justified, Mr. Gross shall file such a motion on behalf of the defendant no later than May 1, 2007, <u>provided</u> that the defendant consents to the filing of such a motion. (If the motion is made and later granted, I will probably appoint Mr. Gross to represent the defendant as regular counsel.)

    C.    Mr. Gross shall appear at the hearing on Tuesday, May 8, 2007, at 12:30 p.m. when this matter and, if possible, sentencing will be considered. At that time, and no matter whether Mr. Gross has or has not filed the motion described in the preceding paragraph, Mr. Gross shall be prepared to inform me whether the defendant's dissatisfaction with Mr. Eaton is justified.

2.    The Federal Public Defender shall provide Mr. Gross with a CJA voucher.

3.    Defense counsel, Mr. Eaton, is ordered to cooperate with Mr. Gross.

4.    A hearing on this and related matters, with sentencing, if possible, to follow will be held on Tuesday, May 8, 2007 at 12:30 p.m. The defendant shall be present, as shall Mr. Gross, Mr. Eaton and Ms. Fullerton.

5.  The Clerk of the Court shall provide copies of this memorandum and order to Mr. Gross, Mr. Eaton, Ms. Fullerton, the Federal Public Defender and the United States Marshal.

8.  My chambers shall provide Mr. Gross with a copy of the presentence report, the sentencing recommendation and the docket sheet in this case. Mr. Eaton shall provide Mr. Gross with such records as he may request.

March 21, 2007                          BY THE COURT:
                                        *s/Richard G. Kopf*
                                        United States District Judge